## Joseph W. Osgood *versus* John Holyoke.

By c. 114, § 33, of R. S., 1840, (c. 81, § 31, of R. S. of 1857,) no attachment of real estate "shall be valid, unless the plaintiff's demand, on which he founds his action, and the *nature* and *amount* thereof, are substantially set forth in proper counts, or a *specification* of such claim shall be annexed to such writ."

And where there was an attachment of real estate, on a writ, in which was a count for money had and received, but no specification of the claim to be proved under it, was annexed to the writ, it was held that, there being no sufficient specification of "the nature ánd amount of the plaintiff's demand," such attachment was void.

The rights of the parties are dependent upon the facts disclosed by the declaration; not upon such as may be subsequently proved or ascertained.

Osgood *v.* Holyoke.

Where, in addition to the money count, there was, also, one declaring specially on a note of hand, and judgment was rendered generally upon the declaration, but was entered up for the amount of the note only, the attachment of real estate, on the writ, was held to be invalid. — GOODENOW, MAY and KENT, JJ., dissenting.

REPORTED by RICE, J.

WRIT OF ENTRY. The demandant claims title to the parcel of land in Ellsworth, described in his writ, under a levy thereon, of an execution against one Williamson, the same having been attached on the original writ on which judgment in the action was rendered.

From the case, it appears the writ contained two counts, declaring in one count, on a promissory note for $125, and interest; in the other, generally for $500, for money had and received. *Ad damnum* $600. Judgment was rendered on default, for $131,68, and costs. The writ of execution was levied within thirty days from the rendition of judgment.

After the attachment on the writ, but before the levy of the execution thereon, Williamson sold and conveyed the land to the defendant by deed, which was recorded, on the day of its date.

The validity of the attachment was controverted, because there was no specification of claim under the money count in the writ. To determine this question, the case was reported to the full Court; the plaintiff to become nonsuit, if the attachment should be held to be invalid.

*Godfrey & Shaw,* for the defendant, argued that no valid attachment, as against a purchaser, or a subsequent attaching creditor, was made on the writ. R. S., 1840, c. 114, § 33.

As to the object of the provision of the statute, reference was made to the opinion of the Court in *Saco* v. *Hopkinton,* 29 Maine, 268.

There was nothing to prevent another demand from being substituted, in place of, or added to, the one sued. Another note, overdue and unpaid, could have been introduced. *Payson* v. *Whitcomb,* 15 Pick., 212; *Fairbanks* v. *Stanley,* 18 Maine, 296.

There was nothing to indicate that the note, which was properly declared on in a distinct and sufficient count, was the demand relied upon to sustain the count for money had and received.

*J. A. Peters,* for plaintiff.

It must be confessed that the validity of the attachment is, by no means, free from doubt; that the reasons for declaring it void, can be strongly stated. On the other hand, what is the argument in favor of the validity of such an attachment? It can be briefly stated.

1. The *prima facie* presumption from the writ is, that the special count is intended as a specification for the money count. Such would be the *apparent* construction of the writ.

2. The writ is thus *valid,* because the writ does disclose *in fact* the "amount and nature" of plaintiff's demand, and becomes *void* only by his proving something under his money count, which, in its *nature* and *amount,* is *not* described in his writ.

3. Nothing else appearing, why is not a money count a clear and definite statement and specification, that defendant owes plaintiff so much money, which he received of his money, as money, and nothing else? Supposing the proof was literally as the count runs, that it was so much cash coin, or money which defendant received for plaintiff,—could any specification make it more definite?

This case was argued in 1859, and continued for advisement. The opinion was announced in 1862.

The opinion, adopted by a majority of the Court, was drawn up by

APPLETON, J. — It would seem that a valid attachment might, according to the opinion of the Court in *Fairbanks* v. *Stanley,* 18 Maine, 296, be made on a writ containing only the money counts.

After the attachment, the effect of which was considered in that case, the statute of 1838, c. 344, was passed, which

became embodied in R. S., 1840, c. 114, § 33, and is still continued in force in the revision of 1857, c. 81, § 31.

By that Act, it was provided that no attachment "shall be valid, unless the plaintiff's demand on which he founds his action, and the *nature* and *amount* thereof, are substantially set forth in proper counts, or a specification of such claim shall be annexed to such writ."

The writ, in the suit, *Hancock Bank* v. *Williamson*, contained a count specially on a note of hand, and for money had and received, but no specification of the claim to be proved under the latter count was annexed to the writ.

The money count contained no sufficient specification of "the nature and amount" of "the plaintiff's demand." Judgment was rendered generally upon the declaration. Under the money count, another note or notes than that described in the declaration might have been introduced. The note declared upon might have been omitted and formed no part of the judgment. Other and different notes or claims might have formed the basis of the judgment. The declaration contains no specification, by which the substitution of another demand could be prevented. The *nature* of the plaintiff's claim is not sufficiently indicated by the money count.

The rights of the parties are dependent upon the facts disclosed by the declaration; not upon such as may be subsequently proved or ascertained. The writ must set forth "the nature and amount" of the plaintiff's claim, else the attachment is declared to be invalid. "The intention of the statute must have been," remarks WELLS, J., in *Saco* v. *Hopkinton*, 29 Maine, 268, "to require an attaching creditor to furnish such information by his writ, to subsequent attaching creditors and purchasers, as would enable them to know what his demand was, and that it should be so specific as to prevent any other demand from being substituted in the place of that sued. When the demand is not exhibited by the counts in the writ, it must be made to appear by a specification of it annexed to the writ. Information more certain and definite

was required to be given, than could be obtained from the general counts."

The construction of the section in question, as given by this Court in the case of *Saco* v. *Hopkinton,* must be regarded as affirmed by the Legislature, by its subsequent reënactment, in the same language, in the revision of 1857. Such is the universal rule. *Myrick* v. *Hasey,* 27 Maine, 9.

*Plaintiff nonsuit.*

TENNEY, C. J., RICE, CUTTING and DAVIS, JJ., concurred.
MAY, GOODENOW and KENT, JJ., dissented.

KENT, J., dissenting.

In my view, the fair construction of the statute is, that the writ must contain, in some count or counts, or in a specification, a substantial, i. e., a sufficiently particular description of the nature and amount of a claim or claims, so that any person reading it would understand both. In this case, there is a sufficient description of a note for $125. There is also a general count for money had and received. A person reading this writ would have notice of a claim for the note. He would not have sufficient notice of any particular claim under the money count. The question is, whether the insertion of the money count renders the attachment void, when the record shows that the judgment was taken for no more than was declared for in the specific count, and this fact appears sufficiently from the judgment, which is for note and interest. It is very clear that, if he takes judgment for any thing under the money count, in a case like this, the attachment is vacated. But why should it be thus vacated in case of a judgment on the specific count only, merely because there is a general count in the writ, under which nothing is claimed at the time of judgment?

The reason upon which the provision of the law is based is correctly stated in *Saco* v. *Hopkinton,* 29 Maine, 271. It is, that attaching creditors or subsequent purchasers may have such information by the writ as would enable them to know what the demand was, and to prevent any other de-

mand from being substituted for the one sued. This object is secured when there is in the writ a specific description of a note of hand, to the extent of such a claim. A person reading the declaration must say, I see that this defendant is sued for a note for $125. I also see, that there is a money count, without any specifications, and this I may disregard, because, if the plaintiff claims any thing beyond the amount of the note, his attachment will be void.

In the case in the 29th Maine, before cited, the Court expressly says, that in that case "*neither* of the counts, nor the account annexed, furnish the necessary information." This case is essentially different. Here, there is one count, that is sufficient, and the judgment appears to have been for the amount claimed in that count only.

It has often been decided, that if a plaintiff declares for items secured by a lien, and for other items not so secured, and takes judgment which includes items of both kinds, that he loses his right to enforce his lien by that judgment and his execution thereon. But, it has never been determined, that the mere fact, that unsecured items or claims are set forth in the writ, will alone defeat the lien right, if the judgment included no such item, but was based entirely on those to which the lien attached.

No wrong or injustice, in cases like the one before us, can result to a subsequent attaching creditor or purchaser, if the judgment includes no claim or debt, except the one or more specifically set out in the writ on which the attachment is made. What I intend to determine is, that, when it satisfactorily appears that the judgment includes only the items specifically and substantially set forth in proper counts or specifications, the mere fact that there are other general counts, without specification in the writ, but on which nothing is recovered, will not defeat the attachment.

It is urged in the opinion of the majority of the Court that, although the judgment rendered may be no more than the amount covered by the count on the note, yet it is within the range of possibility, that the judgment may have been render-

ed on the money counts. If it were so, I do not see that any subsequently attaching creditor or purchaser is wronged. The judgment is for no larger sum than he had notice of, and it can make no difference to them; on what count the judgment is rendered. But it looks to me like very nice refining, to doubt that a judgment, which exactly covers the debt and interest due on á note described in a sufficient count, was rendered on that count.

The opinion also says, "that the rights of the parties are dependent upon the facts disclosed by the declaration, not such as may be subsequently proved or ascertained." But surely, as it seems to me, a plaintiff who should, by leave of Court, strike out all the money counts, after ascertaining that he had not made any sufficient specifications to enable him to take judgment safely on such money counts, and who should take a judgment only on his special and specific counts, would not lose his attachment.